LORING G. HUY and MARION RUSSELL

*vs.*

N. F. GRISWOLD.

Consideration of evidence in this case with reference to the question whether it justifies the verdict

This cause was tried in the district court for Hennepin county, and a special verdict rendered therein. The defendant moved for a judgment upon the record for the relief asked in the answer, and at the same time plaintiffs moved for a new trial upon the case settled in the action. The court granted the new trial, without discussing or deciding the motion for judgment. The defendant appeals from the order giving such new trial; and as the order appealed from is affirmed upon substantially the reasons of the court below in

granting the same, which are stated in the opinion, no further statement of the case is necessary.

D. A. SECOMBE, for Appellant.

LOCHREN & MCNAIR, for Respondents.

*By the Court.*—BERRY, J.—His Honor Judge Vanderburgh, who granted the new trial in this case below, assigns reasons for his order, as follows:

" The complaint admits the making of a verbal lease to the defendant, by the owners of the premises in question, amounting to a tenancy at will. This the defendant denies and sets up affirmatively that the agreement was for a written lease, absolute in its terms for ten years time.

" The admission in the complaint binds the plaintiffs, as an admission to the extent of its terms only. In order therefore to entitle the defendant to obtain the affirmative relief prayed for in the answer for a specific performance of the agreement therein alleged, it is incumbent on him to prove this agreement, as alleged in the answer. On the trial it appears that no negotiations whatever were made with the owners of the land; the transaction, whatever it was, being wholly with George E. Huy and R. P. Russell. Now before the court can intervene to compel the owners to execute the lease, as claimed in the answer, it must appear that the owners authorized such agreement. All the evidence there is of such authority is the evidence of said George E. Huy, who swears that he was 'the agent of Loring G. Huy all through this matter,' and that ' R. P. Russell acted for Moore Russell'; and the evidence of R. P. Russell who says that he ' acted for Moore Russell, and afterwards for Marion Russell in this matter.' These statements of course are taken in connection with the balance of their testimony for plaintiffs,

in relation to the character of the lease, and they do not state the extent of their authority, or that they had authority to convey the land either in fee or for a term of years. It was given on the cross-examination of the plaintiffs' witnesses, who had sworn to the contract as alleged in the complaint, and is not to be taken as sufficient evidence of the authority of these persons to make the contract set up in the answer, so as to warrant a judgment for the specific performance of the lease for ten years asked by defendant.

" The plaintiffs are not entitled to judgment upon the findings, and the defendant is not entitled to the relief demanded by him, for the reasons above stated, and which seem to have been overlooked at the trial."

We agree, substantially, to the views thus expressed. The testimony (such as it is) as to the agency of George Huy and R. P. Russell, could, to make the most of it, go no further than to show that they were agents to make the contract set up in the complaint, which is a very different thing from the contract found by the jury in their special verdict. As the verdict is, therefore, not justified by the evidence, the order granting a new trial was entirely proper and is affirmed